**Damecha HARRIS Plaintiff,**

v.

**TOTTEN, Captain, Acting Deputy Superintendent, Security, Quackenbush, Correctional Lieutenant, Hildebrand, Correctional Sergeant, Lawyer, Correctional Officer, Marzyglod, Correctional Officer, D. Dycha, Correctional Officer, and J. Bodyak, Correctional Nurse Defendants.**

No. 01 Civ. 5214(SHS).

United States District Court,
S.D. New York.

Jan. 31, 2003.

*OPINION AND ORDER*

STEIN, District Judge.

Damecha Harris, an inmate at the Green Haven Correctional Facility, brings this action *pro se* pursuant to 42 U.S.C. § 1983 alleging that defendants—all employees of the New York State Department of Correctional Services—violated his Eighth Amendment right to be free from cruel and unusual punishment by using excessive force against him and denying him adequate medical attention. In his complaint, Harris seeks injunctive, declaratory, and monetary relief. Defendants now move pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the complaint on the ground that plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997e(a). Because plaintiff did not exhaust the available administrative remedies prior to commencing this action, the complaint must be dismissed.

## I. *BACKGROUND*

Harris alleges that on November 17, 2000, he was hit on the head by an object thrown at him by a New York State corrections officer. (Compl.¶ 13.) Thereafter, Harris sought medical treatment at the Green Haven clinic. (Compl.¶ 14.) Harris alleges that on that same date, corrections officers attacked him twice, once in the medical clinic and once in cellblock "A". (Compl.¶¶ 15, 17.) He contends that supervisory corrections officers were present during the assaults but did nothing to stop them. (Compl.¶¶ 15, 20–22.) Harris also claims that he was denied

adequate medical treatment following the alleged assaults. (Compl.¶¶ 25, 26.) Furthermore, Harris contends that managerial personnel at Green Haven learned of the assaults but failed to investigate them and take corrective action.

Defendants have now moved to dismiss the complaint.[1] This motion to dismiss has now been fully briefed.

## II. *DISCUSSION*

### A. *Legal Standards for Motion to Dismiss the Complaint*

■ As a preliminary matter, the Court must address the appropriate standard of review for defendants' motion. Defendants move pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss Harris' complaint for failure to state a claim upon which relief can be granted. However, when a defendant moves for dismissal on the ground that the plaintiff has failed to exhaust administrative remedies, the defendant is raising a challenge to the court's jurisdiction. *See, Howell v. INS*, 72 F.3d 288, 291 (2d Cir.1995) (*citing DiLaura v. Power Auth.*, 982 F.2d 73, 79 (2d Cir.1992)) ("If a party fails to exhaust administrative remedies, then the court may dismiss the action because subject matter jurisdiction does not exist."); *Long v. Lafko*, 2001 WL 863422, at *1 (S.D.N.Y. July 31, 2001) ("Courts in the Second Circuit have treated failure to exhaust administrative remedies under the PLRA as implicating a court's subject matter jurisdiction."). Accordingly, defendants' motion is properly

---

1. After Harris failed to respond to the motion, this Court issued an Order on April 16, 2002 directing him to show cause by April 26, 2002 why his action should not be dismissed for failure to exhaust administrative remedies. On April 30, 2002, following no submission by plaintiff, this Court dismissed the complaint without prejudice to the action being renewed once plaintiff had exhausted his administrative remedies. Subsequently, this Court received a submission from Harris dated April 21, 2002, responding to the April 16, 2002 Order of this Court. Accordingly, the April 30, 2002 dismissal Order was vacated and both the complaint and the instant motion were reinstated.

construed as a motion to dismiss the complaint for lack of jurisdiction over the subject matter pursuant to Rule 12(b)(1). *See Makarova v. United States,* 201 F.3d 110, 113 (2d Cir.2000) ("A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it.").

■■■ A plaintiff bears the burden of proving the existence of subject matter jurisdiction by a preponderance of the evidence. *See Makarova,* 201 F.3d at 113. In considering a motion to dismiss for lack of subject matter jurisdiction, a court must "accept as true all material factual allegations in the [c]omplaint and refrain from drawing inferences in favor of the party contesting jurisdiction." *Serrano v. 900 5th Ave. Corp.,* 4 F.Supp.2d 315, 316 (S.D.N.Y.1998) (citations omitted). The Court may consider evidence outside the pleadings, such as affidavits and other documents. *See Makarova,* 201 F.3d at 113. Furthermore, where a plaintiff appears *pro se,* the Court must "read the pleadings ... liberally and interpret them to raise the strongest arguments that they suggest." *McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir.1999) (internal quotation marks omitted).

## B. *Plaintiff Failed to Exhaust His Administrative Remedies*

■■■ The Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this

title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). In *Porter v. Nussle,* 534 U.S. 516, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002), the U.S. Supreme Court held that the "PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."[2] This requirement also extends to cases—such as this one—where a plaintiff seeks a remedy not available through the administrative process, such as monetary damages. *See Booth v. Churner,* 532 U.S. 731, 733–34, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001).

■■■ *Nussle* mandates that every claim asserted by a prisoner must first be grieved administratively prior to seeking judicial relief. *Nussle,* 534 U.S. at 524, 122 S.Ct. 983; *see also Baskerville v. Blot,* 224 F.Supp.2d 723, 728 (S.D.N.Y.2002). This means that the prisoner "must pursue his challenge to the conditions in question through the highest level of administrative review prior to filing his suit" in federal court. *Flanagan v. Maly,* No. 99 Civ. 12336, 2002 WL 122921, at *2 (S.D.N.Y. Jan.29, 2002). This includes the exhaustion of "all appellate remedies provided within the system." *Waters v. Schneider,* No. 01 Civ. 5217, 2002 WL 727025, at *1 (S.D.N.Y., Apr.23, 2002) (*citing Fletcher v. Haase,* No. 99 Civ. 9549, 2002 WL 313799, at *1 (S.D.N.Y. Feb.27, 2002)).

---

**2.** Although plaintiff filed this action in this Court eight months before the Supreme Court announced its decision in *Porter v. Nussle,* "the broad exhaustion requirement announced in *Nussle* applies with full force" to a litigant, such as Harris, who brought suit prior to the date of its decision. *Espinal v. Goord,* No. 01 Civ. 6569, 2002 WL 1585549, at *2 n. 3 (S.D.N.Y. July 17, 2002); *see generally, Harper v. Virginia Dep't of Taxation,* 509

U.S. 86, 97, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993) ("When [the Supreme] Court applies a rule of federal law to the parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate [the] announcement of the rule.").

New York state's Inmate Grievance Procedure (IGP) is a three-step inmate grievance process that prisoners must exhaust before filing a complaint in federal court. *See* N.Y. Correction Law § 139; N.Y. Comp.Codes R. & Regs. tit. 7, § 701. First, an inmate must file a complaint with the Inmate Grievance Resolution Committee ("IGRC") within 14 days of the alleged event. N.Y. Comp.Codes R. & Regs. tit. 7, § 701.7(a)(1). The IGRC must then investigate and may resolve the issue informally within seven days. *Id.* at § 701.7(a)(3). If there is no informal resolution, a hearing is held, and the inmate may appeal to the superintendent of the facility within four days of the IGRC's action. *Id.* at §§ 701.7(a)(4), (b). Finally, after receiving a response from the superintendent, the prisoner may appeal that decision to the Central Office Review Committee ("CORC") within four days of its receipt. *Id.* at § 701.7(c). The CORC, in turn, must render a decision within 20 days. *Id.*

Defendants contend that Harris has failed to exhaust his administrative remedies with respect to all of his claims. Indeed, in his complaint, Harris concedes that he did not present his claims through the inmate grievance procedure, even though he was aware of its existence. (Compl. p. 3)[3] However, in his complaint, Harris contends that he should be excused from following the Inmate Grievance Procedure because he stated his complaints in various letters to Superintendent Charles Griener in November and December of 2000 and in early January of 2001. *See* Plaintiff's Opp. to Motion to Dismiss, at 1–2, Exhibits E–J, L, N, R, S.

■ However, letters to prison officials do not satisfy the exhaustion requirement of the PLRA where the inmate has failed to follow the established grievance procedures. *See Houze v. Segarra,* 217 F.Supp.2d 394, 397 (S.D.N.Y.2002) (letter sent by inmate to superintendent does not qualify as exhaustion where inmate did not follow the IGP); *Hemphill v. New York,* 198 F.Supp.2d 546, 549 (S.D.N.Y.2002) (letter to superintendent about an incident of alleged excessive force is insufficient to warrant considering a matter "effectively grieved" pursuant to the PLRA's exhaustion requirement); *Mills v. Garvin,* No. 99 Civ. 6032, 2001 WL 286784, at *3 (S.D.N.Y. Mar.2, 2001) ("letter writing is not the equivalent of an exhaustion of administrative remedies under the PLRA"); *Grey v. Sparhawk,* 2000 WL 815916, at *2 (S.D.N.Y. June 23, 2000) (a complaint made directly to the Inspector General's office "does not serve to excuse [a] plaintiff from adhering to the available administrative procedures. To allow [a] plaintiff to bypass those procedures would obviate the purpose for which the procedures were enacted.").

In a submission to this Court dated January 6, 2003, Harris contends that he has now in fact exhausted his administrative remedies pursuant to the PLRA. ("Motion/Application" of Jan. 6, 2003.) Harris included a memorandum from Thomas G. Eagen, Director of the Inmate Grievance Program stating that Harris' grievance was received by CORC on November 27, 2002 and that a disposition will be sent to him after the grievance is reviewed. ("Motion/Application," Exhibit B.)

---

**3.** Incorporated into Harris' complaint is the standard form questionnaire issued by the Southern District of New York and used by *pro se* inmates who file civil rights complaints pursuant to 42 U.S.C. § 1983. Paragraph II(A) of the form, asks "Is there a prisoner grievance procedure in this institution?" to which Harris responded, "Yes." Paragraph II(B) of the form, asks "Did you present the facts relating to your complaint in the state prisoner grievance procedure?" to which Harris responded, "No."

■ However, Harris has still not exhausted his administrative remedies pursuant to the PLRA since there has been no final disposition of his grievance at the administrative level. Moreover, the PLRA has been interpreted by courts to require an inmate to exhaust administrative remedies *prior* to commencing the federal action. *See Neal v. Goord*, 267 F.3d 116, 122 (2d Cir.2001) ("[A]llowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirement, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in federal court.... Subsequent exhaustion after suit is filed therefore is insufficient"); *Saunders v. Goord*, No. 98 Civ.8501, 2002 WL 1751341 (S.D.N.Y. July, 29 2002) ("A plaintiff must ... meet the PLRA's exhaustion requirements at the time a complaint is filed, and cannot cure a failure of exhaustion by pursuing administrative remedies while a federal action is pending."); *see also Medina–Claudio v. Rodriguez–Mateo*, 292 F.3d 31, 36 (1st Cir. 2002) ("[The PLRA] clearly contemplates exhaustion *prior* to the commencement of the action as an indispensable requirement. Exhaustion subsequent to the filing of suit will not suffice"). The failure to exhaust administrative remedies is usually a "curable, procedural flaw" that can be corrected by an inmate's exhausting his remedies and then reinstating the suit. *Snider v. Melindez*, 199 F.3d 108, 111–12 (2d Cir.1999).

Finally, even when this Court reads plaintiff's submissions liberally and in the most generous light, Harris has put forth no additional arguments or evidence that excuse his failure to exhaust the IGP's administrative remedies. Although several courts have determined that an inmate may defeat a motion to dismiss his complaint even when all administrative remedies have not technically been exhausted, the circumstances in this action do not warrant such a determination because there is no allegation or evidence that prison officials in any way hindered Harris' effort to file a grievance pursuant to the IGP. Although Harris submits that "a prison inmate cannot always safely litigate a grievance or complaint against assaultive staff" ("Motion Application," p. 2), he does not allege that he himself was ever precluded from pursuing his grievance through the proper administrative channels. Indeed, the fact that Harris never even attempted to follow the IGP procedures initially, combined with the fact that he now appears to be doing so readily, eviscerate any such claim. *Cf. Feliciano v. Goord*, No. 97 Civ. 263, 1998 WL 436358, at *2 (S.D.N.Y. July 27, 1998) (defendants' motion to dismiss the complaint denied where inmate made "reasonable attempt" to exhaust his administrative remedies and where it was alleged that corrections officers failed to file the inmate's grievances or otherwise impeded or prevented his efforts); *Rodriguez v. Hahn*, No. 99 Civ. 11663, 2000 WL 1738424, at *2 (S.D.N.Y. Nov. 22, 2000) (same); *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir.2001) (a "remedy" is not "available" pursuant to the PLRA where prison officials prevented a prisoner from pursuing them).

### III. CONCLUSION

Because Harris has failed to exhaust his administrative remedies pursuant to the PLRA, defendants' motion to dismiss the complaint is granted and it is dismissed without prejudice to Harris' refiling it once he exhausts his administrative remedies. *See Morales v. Mackalm*, 278 F.3d 126 (2d Cir.2002) (dismissal, pursuant to PLRA for failure to exhaust administrative remedies should be without prejudice).