Carlos **RODRIGUEZ**, Plaintiff,

v.

D.A. **SENKOWSKI**, Warden, Clinton Correctional Facility; G. Goldsmith, Correctional Officer, Clinton Correctional Facility; S. Fregeau, Correctional Officer, Clinton Correctional Facility; J. Mitchell, Nurse Administrator, Clinton Correctional Facility; E. Rock, Medical Staff, Clinton Correctional Facility, Defendants

No. 96–CV–1867.

United States District Court, N.D. New York.

June 21, 2000.

Carlos Rodrigeuz, Fallsburg, NY, pro se.

Lisa Renee Harris, AAG, Office of Attorney General State of New York, Albany, NY, Sean M. Seely, Office of Attorney General, Dept. of Law, Albany, NY, for defendants.

## MEMORANDUM–DECISION & ORDER

McAVOY, District Judge.

This *pro se* action brought pursuant to 42 U.S.C. § 1983 was referred by this Court to the Hon. Gustave J. Di Bianco, United States Magistrate Judge, for a Report–Recommendation pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).

■ No objections to the Report–Recommendation dated March 17, 2000 have been filed. In the absence of objections, the Court may reverse a magistrate judge's decision only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). When deciding whether to "accept, reject, or modify" a magistrate judge's findings, a district judge may "recommit the matter to the magistrate with instructions." 28 U.S.C. § 636(b)(1)(C); *see also Mathews v. Weber*, 423 U.S. 261, 271–72, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The determination that remand is warranted does not constitute a *de novo* review. Instead, the Court merely identifies issues in the Report–Recommendation that require clarification to ensure that no error is contained therein.

For the following reasons, the Court recommits this matter to the Magistrate Judge for reconsideration of the exhaustion requirement of the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), in light of the specific relief sought in this case.

■ The Court agrees with the Magistrate Judge's determination that medical care falls within the "prison conditions" contemplated by the PLRA, making this case subject to the PLRA's exhaustion requirement. However, the Court questions whether, under the facts and circumstances of this case, administrative remedies are "unavailable" to Plaintiff for the purposes of excusing the exhaustion requirement.

■ The definition of the PLRA's availability requirement is widely debated by courts throughout the country and within this Circuit. *See Nyhuis v. Reno*, 204 F.3d 65, 69–70 (3rd Cir.2000) (collecting cases); *Beeson v. Fishkill Correctional Facility*, 28 F.Supp.2d 884, 888 (collecting cases, including conflicting district court cases from within the Second Circuit). Some courts hold that when administrative procedures do not provide for the relief sought by the plaintiff, exhaustion would be "futile" and, therefore, may be waived. *See, e.g., Whitley v. Hunt*, 158 F.3d 882 (5th Cir.1998); *Lunsford v. Jumao-As*, 155 F.3d 1178 (9th Cir.1998); *Garrett v. Hawk*, 127 F.3d 1263 (10th Cir.1997); *Polite v. Barbarin*, No. 96 CIV. 6818(DLC), 1998 WL 146687, 1998 U.S. Dist. LEXIS 3600 (S.D.N.Y. Mar. 25, 1998). Other courts hold that the PLRA makes exhaustion mandatory in all cases. *See, e.g., Nyhuis*, 204 F.3d at 69; *Wyatt v. Leonard*, 193 F.3d 876 (6th Cir.1999); *Alexander v. Hawk*, 159 F.3d 1321 (11th Cir.1998); *Beeson*, 28 F.Supp.2d 884; *Warburton v. Underwood*, 2 F.Supp.2d 306 (W.D.N.Y.1998). In the absence of a Second Circuit ruling on the matter, no controlling precedent exists as to the meaning of this requirement. *See, e.g., Johnson v. Goord*, No. 99-0375, 2000 U.S.App. LEXIS 12031, *2 (2nd Cir. May 30, 2000) ("This Court has not yet resolved the question whether

§ 1997e(a) applies when the relief requested is unavailable through administrative remedies."); *Liner v. Goord*, 196 F.3d 132, 135 (2d Cir.1999) (declining to resolve split among districts about how to apply the exhaustion requirement). However, various persuasive authorities suggest that, under the facts presented herein, adequate administrative remedies may be "available" to the Plaintiff within the meaning of the PLRA.

The Court finds the reasoning in *Nyhuis v. Reno*, 204 F.3d 65 (3d Cir.2000), particularly helpful in this respect. The *Nyhuis* court distinguished between cases in which purely monetary relief is sought and "mixed claims" cases, in which the plaintiff seeks both relief that may be granted through administrative procedures (injunctive relief) and relief that is unavailable administratively (monetary and declaratory relief). *Nyhuis*, 204 F.3d 65, 70. "No court of appeals interpreting the PLRA has recognized a futility exception to § 1997e(a)'s exhaustion requirement in a mixed claim case." *Nyhuis*, 204 F.3d at 70. *See also Whitley*, 158 F.3d at 887 (predicating waiver of exhaustion on the fact that plaintiff narrowed pleading to request only monetary damages); *Lunsford*, 155 F.3d at 1179 (emphasizing that plaintiff only sought monetary relief); *Garrett*, 127 F.3d at 1266 (same). This reasoning has already been followed by the Southern District of New York. *See, e.g., Williams v. Muller*, No. 98 Civ. 5204(BSJ), 2000 WL 487954 , 2000 U.S. Dist. LEXIS 5286, at *7 (S.D.N.Y. Apr. 24, 2000). The apparent consensus on this point suggests that the Court would be justified in disallowing a futility exception in this case, which also presents a mixed claim.

The decision in *Cruz v. Jordan*, 80 F.Supp.2d 109 (S.D.N.Y.1999), a case primarily relied on in the Report–Recommendation, is in accord with the reasoning in *Nyhuis*. The relief sought in that case was purely monetary and, therefore, un-

available through the prison's administrative procedures. The *Cruz* court's decision rested entirely on the state's representation that the available administrative remedies could not provide the plaintiff with any of the relief sought—monetary damages. The court noted that, unlike the monetary damages the plaintiff requested, "the remedies offered by the [Inmate Grievance Program ('IGP') ] were forward looking and remedial only . . . ." *Cruz*, 80 F.Supp.2d at 128. Given that the IGP could provide the plaintiff with no remedy and would not serve any other purpose intended by the exhaustion requirement, the court concluded that, under the circumstances of that case, exhaustion would be a "futile exercise" for the plaintiff. *Id.* In contrast, the Plaintiff in the present case seeks not only monetary damages, but also disciplinary action against certain Corrections Officers—relief particularly suited to an internal grievance proceeding. See *Cruz*, 80 F.Supp.2d at 128 (counting "the discipline of malfeasant prison staff" and "the provision of better medical care in the future" among the remedies available through the IGP).

In addition, it appears that exhausting administrative remedies in this case may, in fact, serve at least some of the purposes of the PLRA. The Magistrate Judge asserts that administrative procedures in this case could not accomplish purposes such as "settling the cases without federal litigation, halting the infringing practice, creating a record, allowing the facility to interpret its own regulations, or narrowing the issues." Report–Recommendation at 9. It is not clear to the Court, however, why most of these goals could not be accomplished through the prison's grievance procedures. Plaintiff does not allege, and there is no reason to believe, that lodging a complaint through the normal administrative procedures would fail to create a record, to cause the prison to interpret its regulations, or to narrow the issues.[1]

---

1. The Court recognizes that this matter will most likely end up in federal court because

Plaintiff seeks monetary damages. However, as the court in the initial *Cruz* case noted, "[i]f

Moreover, *Beeson v. Fishkill Correctional Facility* suggests additional purposes for requiring exhaustion, including allowing the facility to correct its own mistakes and avoiding the weakening of prisons' effectiveness by the "frequent and deliberate flouting" of administrative procedures. *Beeson,* 28 F.Supp.2d at 895. In fact, the *Beeson* court asserts that "protecting administrative agency authority" is one of the "twin purposes" of the exhaustion requirement. *Id.* This is, therefore, an important purpose that would be served by adhering to the exhaustion requirement just as important as the "streamlining" goal emphasized in the Magistrate Judge's Report–Recommendation.

■ Finally, the mere fact that Plaintiff has been transferred to another prison facility does not necessarily render the exhaustion requirement moot. It is not clear to the Court why the Plaintiff cannot initiate a grievance against Defendants from his current facility, thereby instigating a review of these individuals' behavior that could lead to sanctions, discipline, and/or a change in the administration of medical care. *See generally Petit v. Bender,* No. 99 Civ. 0969(SHS), 2000 WL 303280, 2000 U.S. Dist. LEXIS 3536 (S.D.N.Y. Mar. 20, 2000) (requiring exhaustion despite plaintiff's transfer to another prison facility). Given that the relief sought has punitive and procedural value beyond the well-being of the Plaintiff himself, the fact that he is no longer in the same facility may be irrelevant for purposes of exhaustion.

For the foregoing reasons, the Court hereby recommits this matter to Magistrate Judge Di Bianco for reconsideration of his March 17, 2000 Report–Recommendation in light of the entirety of the relief

sought by Plaintiff, to wit, monetary damages and disciplinary action.

**IT IS SO ORDERED.**

the exhaustion requirement could be bypassed where monetary relief is requested, the requirement would effectively cease to exist for most section 1983 claims. The Congressional intent would thus be frustrated." *Cruz,* 80 F.Supp.2d at 121. The Court further notes that remanding the case for exhaustion would

not preclude the resumption of the § 1983 claim after exhaustion was complete in fact, this is "standard practice." *Id.* at 122. Staying the present action at this time would not, therefore, preclude Plaintiff's seeking monetary damages.