292 F.3d 31
 Victor L. MEDINA-CLAUDIO, Plaintiff, Appellant,
v.
Félix L. RODRÍGUEZ-MATEO, Superintendent of Bayamón Maximum Security Institution; Eliezer Santiago, Lt., Commander of the Guards at Bayamón Maximum Security Institution; Luis Malavé, Shift Supervisor at Bayamón Maximum Security Institution, a/k/a Malavé, Lt., Defendants, Appellees,
Commonwealth of Puerto Rico; Zoé Laboy, Per Se and as Secretary of the Department of Corrections; Johnny Heredia, Sub-Administrator of the Administration of Corrections; Conjugal Partnership Heredia-Roe; Maritza Feliciano, Director of the Bayamón region; Conjugal partnership Feliciano-Doe; Conjugal Partnership Rodríguez-Roe; Conjugal Partnership Santiago-Doe; José A. González-Santiago, Lt., Shift Supervisor at Bayamón Maximum Security Institution, a/k/a González, Lt.; Conjugal Partnership González-Doe; Conjugal Partnership Malavé-Doe; Víctor Declet-Marrero, Commander of the U.C.D.; Conjugal Partnership Declet-Doe; Wackenhut Corrections Corp.; Gerardo Acevedo, Warden of Wackenhut Corrections Facility Bayamón; Conjugal Partnership Acevedo-Roe; Frank Doe 99CV1563; Henry Doe 99CV1563, Defendants.
 No. 01-2153.
 No. 01-2278.
 United States Court of Appeals, First Circuit.
 Heard March 5, 2002.
 Decided June 4, 2002.
 
 José R. Olmo-Rodríguez, for appellant.
 Irene S. Soroeta-Kodesh, for appellee Rodríguez-Mateo. Oreste R. Ramos, with whom Pietrantoni, Méndez & Álvarez LLP, was on brief for co-appellees Wackenhut Corrections Corporation and Gerardo Acevedo.
 Before TORRUELLA, Circuit Judge, COFFIN, Senior Circuit Judge, and SELYA, Circuit Judge.
 TORRUELLA, Circuit Judge.
 
 
 1
 Invoking 42 U.S.C. § 1983, plaintiff-appellant Víctor Medina-Claudio filed suit in district court alleging that the prison conditions under which he was housed in Puerto Rico violated his constitutional rights. His case was dismissed by the district court for failure to exhaust administrative remedies, as required by the Prison Litigation Reform Act of 1995 ("PLRA"), Pub.L. No. 104-134, 110 Stat. 1321 (1996).
 
 
 2
 Because we conclude that the appellant was required to first submit his claim to the prison's internal grievance process, we affirm the order of the district court dismissing the complaint.
 
 I.
 A.
 
 3
 Appellant Víctor Medina-Claudio ("appellant" or "Medina-Claudio") was incarcerated on February 3, 1997. During his first six months in prison, appellant was transferred among several correctional facilities administered by the Puerto Rico Administration of Corrections (the "AOC"). While he was housed in AOC facilities, Medina-Claudio was the object of numerous threats against his life, both verbal and physical. Many of the threats stemmed from the fact that Medina-Claudio served as a cooperating witness for the government in several criminal cases.
 
 
 4
 On September 9, 1997, Medina-Claudio was transferred to the Bayamón Correctional Facility operated by the Wackenhut Corrections Corporation ("WCC"). In October of that year, Medina-Claudio was severely beaten by a group of inmates. On December 11, 1997, at the same facility, an inmate broke free from his cell and attempted to kill Medina-Claudio with a crude homemade knife. Then, on March 10, 1998, Medina-Claudio saw one inmate murder another inmate who was attempting to protect Medina-Claudio. Although Medina-Claudio and his relatives informed the prison staff of his perilous situation, no serious steps were taken to rectify the problem or to ensure Medina-Claudio's safety.
 
 
 5
 Medina-Claudio remained at WCC's Bayamón Correctional Facility until September 28, 1998, at which time he was transferred to the Metropolitan Detention Center ("MDC"), a federal correctional facility in Guaynabo, Puerto Rico. Shortly after his transfer to the federal facility, Medina-Claudio was seen by a health care professional, who diagnosed him as suffering from post-traumatic stress disorder ("PTSD").
 
 
 6
 Medina-Claudio remained at MDC until November 1, 1999, after which he returned to WCC's Bayamón Correctional Facility. At present, he remains in the custody of the AOC.
 
 B.
 
 7
 On May 26, 1999, while still a prisoner at MDC, Medina-Claudio filed a pro se complaint against the Commonwealth of Puerto Rico and the Secretary of the AOC, named in both her official and personal capacity. The complaint was later amended on April 10, 2000, to name numerous additional defendants, including WCC and a slew of prison officials.
 
 
 8
 The gravamen of the complaint is that the defendants, in violation of Medina-Claudio's constitutional rights, caused him to develop PTSD while incarcerated in facilities administered by the AOC.
 
 
 9
 All of the defendants filed motions seeking the dismissal of the case on the ground that Medina-Claudio had failed to exhaust administrative remedies before filing the complaint, as required by § 1997e(a) of the PLRA. The district court, finding that the administrative remedies had indeed gone unutilized, dismissed the complaint. Medina-Claudio's timely appeal followed.
 
 II.
 
 10
 Because he believes the administrative grievance procedure was not available to him at the time he filed his complaint in federal court, Medina-Claudio seeks reversal of the district court's dismissal of his case. The defendants-appellees seek affirmance of the district court's order on the basis of Claudio-Medina's failure to exhaust. In the alternative, the defendants-appellees seek affirmance on the ground that the complaint was time-barred.
 
 A.
 
 11
 When presented with a motion to dismiss, the district court must take as true "the well-pleaded facts as they appear in the complaint, extending [the] plaintiff every reasonable inference in his favor." Coyne v. City of Somerville, 972 F.2d 440, 442-43 (1st Cir.1992) (citing Correa-Martínez v. Arrillaga-Beléndez, 903 F.2d 49, 51 (1st Cir.1990)). A complaint should not be dismissed under Federal Rule of Civil Procedure 12(b)(6) unless "`it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Roeder v. Alpha Indus., Inc., 814 F.2d 22, 25 (1st Cir.1987) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). We review the district court's resolution of a motion to dismiss de novo. See Aldridge v. A.T. Cross Corp., 284 F.3d 72, 78 (1st Cir.2002).
 
 B.
 
 12
 Section 1997e(a) of the PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). As the Supreme Court recently observed:
 
 
 13
 Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.
 
 
 14
 Porter v. Nussle, 534 U.S. 516, 122 S.Ct. 983, 988, 152 L.Ed.2d 12 (2002) (citations and quotations omitted).
 
 
 15
 In the case at hand, it is undisputed that Medina-Claudio's § 1983 claim is an action "with respect to prison conditions" under § 1997e(a). See id. at ___, 122 S.Ct. at 992 (holding that the PLRA's exhaustion requirement extends to "all inmate suits about prison life"). Likewise, there is no dispute here that Medina-Claudio failed to exhaust the administrative remedies in place at the facility where his injuries occurred. The appellant's only challenge on appeal is to the district court's determination that those administrative procedures were "available" to him for purposes of § 1997e(a).
 
 
 16
 Medina-Claudio argues that he was in the custody of the federal prison system at the time he filed his § 1983 claim and that the grievance mechanism for prisoners at facilities administered by the AOC was therefore no longer "available" to him. In support of this argument, Medina-Claudio relies on a handful of cases holding that provisions of the PLRA do not apply to a person who is no longer incarcerated at the time his complaint is filed. See, e.g., Janes v. Hernández, 215 F.3d 541, 543 (5th Cir.2000), cert. denied, 531 U.S. 1113, 121 S.Ct. 858, 148 L.Ed.2d 772 (2001); Greig v. Goord, 169 F.3d 165, 167 (2d Cir.1999); Kerr v. Puckett, 138 F.3d 321, 323 (7th Cir.1998).
 
 
 17
 Medina-Claudio also points to Article III of the AOC's Regulations for the Handling of Grievances and Complaints Filed by Inmates, which provides, in part, that "[t]his regulation shall apply to the employees of the Correction Administration of the Commonwealth of Puerto Rico, and, to all the inmates in penal institutions administered by said Agency." According to Medina-Claudio, this language precluded him from submitting an administrative complaint when he filed his lawsuit because, at the time, he was not an inmate in an AOC institution.
 
 
 18
 Neither the cases nor the regulation on which appellant relies are availing. First, the cases cited by Medina-Claudio do not stand for the proposition that an inmate who is transferred to a new facility need not exhaust the administrative remedies of the first facility before filing suit against it or against any of its employees. Indeed, the extant case law supports the opposite conclusion. See Rodríguez v. Senkowski, 103 F.Supp.2d 131, 134 (N.D.N.Y.2000) ("[T]he mere fact that Plaintiff has been transferred to another prison facility does not necessarily render the exhaustion requirement moot."); see also Santiago v. Meinsen, 89 F.Supp.2d 435, 441 (S.D.N.Y. 2000) (requiring exhaustion despite plaintiff's transfer to another facility). The cases cited by appellant hold only that certain provisions of the PLRA will not apply when the plaintiff is no longer a "prisoner" by virtue of his release. See, e.g., Greig, 169 F.3d at 167. However, in this case, there is no doubt that Medina-Claudio was a "prisoner" subject to the requirements of the PLRA at the time of his complaint. The PLRA defines "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 42 U.S.C. § 1997e(h). The fact that Medina-Claudio happened to be a prisoner in various locations, and under the custody of different officials, does not affect his obligation to exhaust his administrative remedies before filing suit.
 
 
 19
 As for the AOC's regulations, they give no indication that the grievance procedures are not "available" for purposes of the PLRA. Nothing in the regulations explicitly prevents Medina-Claudio from filing an administrative complaint while temporarily housed at another facility. At best, Medina-Claudio's argument amounts to a claim that it would be futile for him to resort to the AOC's administrative remedies because they could not afford him the relief he seeks in federal court. However, "there is no `futility exception' to the PLRA exhaustion requirement." Massey v. Wheeler, 221 F.3d 1030, 1034 (7th Cir. 2000); see also Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001) (holding that the PLRA mandates exhaustion regardless of the relief offered through administrative procedures).
 
 
 20
 We therefore agree with the district court that Medina-Claudio failed to satisfy his obligation under § 1997e(a) of the PLRA to exhaust such administrative remedies as are available. We turn next to the question of whether dismissal was the appropriate remedy for appellant's failure to observe this requirement.
 
 C.
 
 21
 At oral argument, appellant suggested that if this court found his case wanting on the administrative exhaustion front, the better course would be to remand the case with orders for a continuance of the proceedings (during which the appellant could pursue his administrative remedies). The appellees, on the other hand, ask us to affirm the outright dismissal of the case. Having reviewed the matter carefully, we feel bound to affirm the district court's order as is.
 
 
 22
 Section 1997e(a) mandates that "[n]o action shall be brought ... until [the prisoner's] administrative remedies ... are exhausted." 42 U.S.C. § 1997e(a). This language clearly contemplates exhaustion prior to the commencement of the action as an indispensable requirement. Exhaustion subsequent to the filing of suit will not suffice. Cf. Booth, 532 U.S. at 738, 121 S.Ct. 1819 ("The `available' `remed[y]' must be `exhausted' before a complaint under § 1983 may be entertained.") (emphasis added). Our understanding of the statute in this regard accords with that of several of the circuit courts that have faced the issue. See Neal v. Goord, 267 F.3d 116, 123 (2d Cir. 2001) ("[A]llowing prisoner suits to proceed, so long as the inmate eventually fulfills the exhaustion requirement, undermines Congress' directive to pursue administrative remedies prior to filing a complaint in federal court."); Jackson v. Dist. of Columbia, 254 F.3d 262, 268-69 (D.C.Cir.2001) (rejecting the argument that § 1997e(a) "permits suit to be filed so long as administrative remedies are exhausted before trial"); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir.1999) ("The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit."); Miller v. Tanner, 196 F.3d 1190, 1193 (11th Cir.1999) ("An inmate incarcerated in a state prison, thus, must first comply with the grievance procedures established by the state department of corrections before filing a federal lawsuit under section 1983."); Perez v. Wis. Dep't of Corr., 182 F.3d 532, 535 (7th Cir.1999) ("[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment."). But see Williams v. Norris, 176 F.3d 1089, 1090 (8th Cir.1999) (per curiam) (reversing district court's dismissal for failure to exhaust where "the record demonstrated that [plaintiff's] grievance had been denied ... at the time the court ruled").
 
 
 23
 The conclusion that dismissal is the appropriate remedy is further bolstered by the significant change effected by the PLRA to the language of its predecessor statute. In particular, § 1997e(a) formerly allowed a district court to continue a pending § 1983 case for up to 180 days so that a prisoner could be required to exhaust certain administrative remedies. See 42 U.S.C. § 1997e(a)(1) (1994) (amended 1996). Enacted in 1996, the PLRA eliminated any reference to allowing for the continuance of an action. Cf. Porter, 534 U.S. at ___, 122 S.Ct. at 988 ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory.").
 
 
 24
 Since Congress clearly made the exhaustion of administrative remedies a necessary antecedent to filing a claim in federal court, we decline to order the continuance of appellant's case. Dismissal is appropriate.
 
 III.
 
 25
 Because we affirm the dismissal of Medina-Claudio's action on the same grounds articulated by the district court, we have no occasion to reach the alternate grounds for affirmance argued by the appellees.
 
 
 26
 
 Affirmed.