**MORGAN, INC. and Morgan Howarth, Plaintiffs**

v.

**WHITE ROCK DISTILLERIES, INC. and the Marketing Group d/b/a the Swardlick Marketing Group, Defendants**

**No. CIV. 02–19–C.**

United States District Court, D. Maine.

Oct. 30, 2002.

Todd S. Holbrook, Esq., Bernstein, Shur, Sawyer, & Nelson, Portland, for Morgan Incorporated, plaintiff.

Jonathan Shapiro, Esq., Moon, Moss, McGill, Hayes & Shapiro, P.A., Portland, Daniel Schloss, Alan N Sutin, Greenberg Traurig LLP, New York, NY, for White Rock Distilleries, Incorporated, Marketing Group dba Swardlick Marketing Group, defendants.

**MEMORANDUM OF DECISION AND ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION AND GRANTING DEFENDANTS' MOTION TO DISMISS**

GENE CARTER, District Judge.

Now before the Court is Defendants' Motion to Reconsider (Pleading No. 19) the denial of Defendants' Motion to Dismiss. Defendants Motion to Dismiss (Pleading No. 11) invokes Fed.R.Civ.P. 12(b)(1) and 12(b)(6). Plaintiffs timely objected to the Motion to Dismiss (Pleading No. 16) and now object to the Court's reconsideration of the Motion to Dismiss (Pleading No. 22). After careful review and reconsideration of the pleadings filed with this Court to date, the Court will grant Defendants' Motion to Reconsider and, upon reconsideration, the Court finds that Defendants' Motion to Dismiss should be granted.

## I. Legal Standard for a Motion to Dismiss

■ When presented with a motion to dismiss, "the district court must take as true the well-pleaded facts as they appear in the complaint, extending the plaintiff every reasonable inference in his favor." *Medina–Claudio v. Rodríguez–Mateo*, 292 F.3d 31, 34 (1st Cir.2002) (citation and internal punctuation omitted). The defendant is entitled to dismissal for failure to state a claim only when the allegations are such that the plaintiff can prove no set of facts to support the claim for relief. *See Clorox Co. Puerto Rico v. Proctor & Gamble Commercial Co.*, 228 F.3d 24, 30 (1st Cir.2000) (citation and internal punctuation omitted); *see also Tobin v. University of Maine Sys.*, 59 F.Supp.2d 87, 89 (D.Me. 1999). In addition, an action may be dismissed pursuant to Rule 12(b)(1) when the court lacks jurisdiction over the subject matter of the action. It is the plaintiff's burden to prove the existence of subject

matter jurisdiction. *See Aversa v. United States*, 99 F.3d 1200, 1209 (1st Cir.1996). In ruling on a motion to dismiss for lack of subject matter jurisdiction under Fed. R.Civ.P. 12(b)(1), the district court must construe the complaint liberally, treating all well-pleaded facts as true and indulging all reasonable inferences in favor of the plaintiff. *See id.* at 1209–10 (citation omitted). When the jurisdictional facts are disputed by a defendant, materials of evidentiary quality outside the pleadings may be offered to and considered by the court. *See Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 363 (1st Cir.2001).

## II. Facts and Procedural History

Plaintiff Morgan, Inc. brought an action for copyright infringement and conversion against Defendants White Rock Distilleries, Inc. and The Marketing Group. Complaint (Pleading No. 1). The Complaint alleges that although the parties had an agreement with respect to the use of certain of Morgan, Inc.'s photographs, the Defendants were using Morgan, Inc.'s photographs in an unauthorized advertising outside the scope of their agreement. *Id.* ¶¶ 1, 18. Jurisdiction of the Court was alleged to be based on the copyright infringement claim, 28 U.S.C. § 1338(a), and supplemental jurisdiction, 28 U.S.C. § 1367. *Id.* ¶ 3.

Instead of answering the Complaint, Defendants filed a Motion to Dismiss, asserting that Morgan, Inc.'s copyright infringement claim was defective because it failed to allege the ownership of a copyright registration. *See* Defendants' Motion to Dismiss (Pleading No. 3). Morgan, Inc. responded, stating that the photographs to which it claimed ownership were indeed registered with the copyright office. *See* Opposition to Defendants' Motion to Dismiss (Pleading No. 4). Referenced in, and attached to, Plaintiff's response were copies of two copyright registrations with the author and copyright owner stated to be

Morgan Howarth. *See* Opposition to Defendants' Motion to Dismiss, Exhibit A. Defendants replied that Plaintiff Morgan, Inc. failed to allege ownership of the copyright registrations. *See* Reply to Plaintiff's Opposition to Defendants' Motion to Dismiss (Pleading No. 5). The next day, the Court received a letter from Plaintiff's attorney stating that Morgan Howarth had assigned his interest in the works at issue to Morgan Inc. and attaching a copy of an undated document entitled "Copyright Assignment." *See* Plaintiffs' Letter (Pleading No. 6). Also in letter form, Defendants moved to strike Plaintiff's letter and assignment, asserting that it was executed after the action was commenced and, as such, was ineffective. *See* Defendants' Letter (Pleading No. 7).

The Court held a conference of counsel to determine the facts surrounding the undated assignment. After admitting that the assignment had been executed after Defendants' reply had been filed, Plaintiff's counsel offered to file an amended complaint. *See* Transcript of June 6, 2002, at 4. The Court agreed to allow Plaintiff to file an amended complaint to clear up the factual record. *See id.* at 7. Shortly thereafter the First Amended Complaint was filed adding Morgan Howarth as a Plaintiff and, in addition to the copyright infringement claim, Plaintiffs asserted a breach of contract claim instead of the conversion claim.

The Amended Complaint alleged that Morgan Howarth incorporated Morgan, Inc. in January 1999 to carry out his photography work. *See* Amended Complaint (Pleading No. 8) ¶¶ 1, 8, 9. Since the formation of Morgan, Inc. Mr. Howarth "has performed photography services for Morgan, Inc. as an employee of the company." *Id.* ¶ 10. The Amended Complaint made no mention of the copyright assignment but, rather, asserted that Morgan, Inc. was the owner of the photography works at

issue in this case under the work-for-hire doctrine. *See id.* ¶ 19. The Amended Complaint goes on to state that "Morgan Howarth filed the photographs at issue with the United States Copyright Office and obtained copyright registration for the photographs" in the name of Morgan Howarth. *Id.* ¶ 18; *see also* Opposition to Defendants' Motion to Dismiss, Exhibit A. The Amended Complaint later refers to Morgan, Inc. and Morgan Howarth collectively as "Morgan." This amalgamated reference is the predicate for Plaintiffs' ambiguous allegation that "Morgan owns a valid copyright in each of the photographs." Amended Complaint ¶ 35.

Defendants again filed a Motion to Dismiss, arguing that Mr. Howarth was not the owner at the time the works were registered because under the work-for-hire doctrine, the works belong to the employer upon creation and, therefore, the registrations are invalid. *See* Defendants' Motion to Dismiss Amended Complaint (Pleading No. 11). Plaintiffs responded that Mr. Howarth made a mistake when completing the registrations and that such mistake does not make the registrations invalid. *See* Plaintiffs' Opposition to Defendants' Motion to Dismiss (Pleading No. 16) at 2–3. In the alternative, Plaintiff asserts that there is no requirement that the plaintiff filing suit have filed the copyright registration. *See id.* at 4. Plaintiffs go on to make some arguments based on the unpleaded assignment. After Defendants filed their reply, the Court denied Defendants' Motion to Dismiss. Defendants then moved to have the Court reconsider its denial of the Motion to Dismiss. *See* Defendants' Motion to Reconsideration (Pleading No. 19).

## III.  Copyright Infringement Claim

The Copyright Act makes clear that copyright exists in all works of authorship regardless of whether the copyright for such work is registered. Section 408(a) of the Copyright Act provides:

> **Registration Permissive.**—At any time during the subsistence of the first term of copyright in any published or unpublished work in which the copyright was secured before January 1, 1978, and during the subsistence of any copyright secured on or after that date, the owner of copyright or of any exclusive right in the work may obtain registration of the copyright claim by delivering to the Copyright Office the deposit specified by this section, together with the application and fee specified by sections 409 and 708. *Such registration is not a condition of copyright protection.*

17 U.S.C. § 408(a) (emphasis added); *see also* M. Nimmer & D. Nimmer, 2 Nimmer On Copyright § 7.16[A] (2002). Pursuant to § 411 of the Federal Copyright Act, "no action for infringement of the copyright in any work shall be instituted until registration of the copyright claim has been made." 17 U.S.C. § 411(a). Thus, copyright registration is a jurisdictional prerequisite to the right of the holder to enforce the copyright in federal court. *See, e.g., M.G.B. Homes v. Ameron Homes,* 903 F.2d 1486, 1488 (11th Cir.1990). It is only the copyright *owner* that may apply for such registration. *See* 17 U.S.C. § 408(a).[1]

---

1.  In addition to the language of the Copyright Act itself, the Court finds that the instructions on the copyright registrations filed in this case make it clear that based on the allegations in the Amended Complaint that the owner of the copyright at the time of the registrations was Morgan, Inc. The "NOTE" that prefaces section 2 of the copyright registra-

tion asking for the "name of the author" states:

> Under the law the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for

■ The Amended Complaint alleges that "Morgan Howarth filed the photographs at issue with the United States Copyright Office and obtained copyright registration for the photographs" in the name of Morgan Howarth. Amended Complaint ¶ 18. The issue then becomes whether Mr. Howarth was the owner of the copyright in the subject photographs at the time he registered them so that the registration had legal effect. *See Arthur Rutenberg Homes v. Drew Homes*, 29 F.3d 1529, 1532 (11th Cir.1994). The Amended Complaint states that "[p]ursuant to the work for hire doctrine, the copyrights in the photographs at issue belong to Morgan, Inc." Amended Complaint ¶ 19. Under the work-for-hire doctrine, Morgan, Inc. was the author and owner of the works from the moment of their creation. *See* 17 U.S.C. § 201(b) ("In the case of a work made for hire, the employer . . . is considered the author . . ., and, unless the parties have expressly agreed otherwise in a written instrument signed by them, owns all of the rights comprised in the copyright."). Therefore, based on the allegations in the Amended Complaint the copyright registration by Mr. Howarth, in the name of Mr. Howarth, who was not the author or owner of the copyright at the time of the registration, has no legal effect.

Plaintiffs attempt to spin this as a misstatement or error on the registration application, as a result of Mr. Howarth completing the copyright registration documents without the assistance of counsel. Plaintiffs assert that inaccuracies in a copyright certificate are of significance only in situations involving allegations of intent to defraud the copyright office which, Plaintiff contends, was not the case here. However, the Amended Complaint does not assert that Mr. Howarth made a mistake in completing the registration forms and, therefore, although asserted to have been a error by Plaintiffs' counsel in a memoranda, the Court will not assume this unplead fact to be true.

Indeed, this case presents a complicated pleading history replete with evasions and artful omissions that lead the Court not to believe that Mr. Howarth made any mistake when completing the copyright registrations. First, given that to date Plaintiffs have founded their copyright infringement claim on three different factual theories of copyright ownership and registration, the Court does not believe that the registration contains any misstatement. Moreover, the Court finds the instructions on the registration documents quite clear with respect to who the owner is when the work is created by an employee and specifically asking if this was a work "made for hire." *See* Opposition to Defendants' Motion to Dismiss, Exhibit A ("Under the law the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank."). Finally, although Plaintiffs cite to the section of the copyright statute that permits "supplementary registration" to correct mistakes in the registration, there is no evidence in the record that they have filed a supplemental registration nor have they offered to make such supplemental registration to correct the alleged error. *See* 17 U.S.C. § 408(d).

Based on the allegations in the Amended Complaint, Morgan, Inc., the lawful owner

whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

Opposition to Defendants' Motion to Dismiss, Exhibit A.

of the copyright, did not register the copyrights. Mr. Howarth registered the copyrights, but again, based on the allegations in the Amended Complaint, he was not the lawful owner when he did so. There being no lawful registrations of the copyrights at issue, Plaintiffs' copyright infringement claim must be dismissed for lack of subject matter jurisdiction. Because the Court is without jurisdiction to hear the federal copyright claim, the Court will not exercise supplemental jurisdiction over Plaintiffs' breach of contract claim.

■ Defendants request that the dismissal be with prejudice. The Court finds that the dismissal should be without prejudice since a copyright owner may register his claim at any time during the life of the copyright. *See* 17 U.S.C. § 408(a).

Accordingly, the Court **ORDERS** that Defendants' Motion for Reconsideration (Pleading No. 19) be, and it is hereby, **GRANTED**. The Court **FURTHER ORDERS** that Defendants' Motion to Dismiss (Pleading No. 11) be, and it is hereby, **GRANTED**. Defendants request for attorneys' fees is **DENIED**.