Marc Adams v. Phil Stanley et al.    CV-02-480-B   03/19/03

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**


**Marc Richard Adams**

   **v.**                                    Civil No. 02-480-B
                                          Opinion No. 2003 DNH 052
**Phil Stanley, et al.**


**O R D E R**


New Hampshire State Prison Inmate, Marc Richard Adams, has sued the Commissioner of the New Hampshire Department of Corrections and several other state officials.  He alleges that the defendants have interfered in various ways with his constitutional right to practice the Taoist religion.  Defendants have filed a motion for summary judgment arguing that Adams failed to comply with the Prison Litigation Reform Act's administrative exhaustion requirement.  I agree that Adams' complaint includes several claims that were not properly exhausted.  Accordingly, I dismiss his complaint without prejudice.

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) (Supp. 2002) provides that:

[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The New Hampshire State Prison provides administrative remedies for inmate claims pertaining to prison conditions. The prison's remedial scheme requires inmates to first present any complaint that cannot be resolved orally by filing an "inmate request slip." See Lafauci v. New Hampshire Dep't of Corr., 2001 DNH 204 *6. An inmate must then appeal an adverse ruling with respect to an inmate request slip by filing a grievance with the warden. See id. If the inmate is not satisfied with the warden's response, a final appeal must be filed with the Commissioner. See id. An inmate's complaint is not administratively exhausted until this process has been completed.

The record demonstrates that Adams has failed to comply with the PLRA's administrative exhaustion requirement with respect to his claims that: (1) he has been denied items necessary for Taoist rituals; (2) he has been denied religious items for personal possession; (3) he had been denied a religiously appropriate diet; (3) he has been denied a shaving pass; (4) he has been denied his right to participate in religious festivals

and celebrations; (5) he has been compelled to participate in other religious holidays or festivals; and (6) he has been forced to complete an 11-page questionnaire concerning his religious practices.[1]  This failure to exhaust administrative remedies requires the dismissal of Adams's complaint without prejudice. See Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002); Neal v. Good, 267 F.3d 116, 123 (2nd Cir. 2001).

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

March 19, 2003

cc:  Marc Richard Adams, pro se
     Nancy Smith, Esq.

_____

[1]  Adams argues that he exhausted his administrative remedies with respect to all of his claims when he filed grievances on October 11, 2001 and November 10, 2001.  I reject this argument because these grievances focus solely on the prison's alleged unwillingness to allow Adams and other inmates to hold Taoist religious services.  To the extent that Adams also complains that the prison grievance procedure, which was in effect when he filed his grievances, did not require him to specify the precise nature of his grievances, I also reject this argument.