# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3775

_____

| | | |
|---|---|---|
| T. W. Johnson, | * | |
| | * | |
| Appellee, | * | |
| | * | |
| vs. | * | |
| | * | |
| Natalie Jones, Correctional Officer, | * | Appeals from the United States |
| East Arkansas Regional Unit, ADC; | * | District Court for the Eastern |
| Patricia Stokes, Correctional Officer, | * | District of Arkansas. |
| East Arkansas Regional Unit, ADC; | * | |
| Jamaal Davenport, Correctional | * | |
| Officer, EARU, ADC (Originally sued | * | |
| as Davenport), | * | |
| | * | |
| Appellants. | * | |

_____

No. 02-3983

_____

| | |
|---|---|
| James Charles Fudge, | * |
| | * |
| Appellee, | * |
| | * |
| vs. | * |
| | * |
| Larry Norris, Director, Arkansas | * |
| Department of Correction; Ray Hobbs, | * |
| Assistant Deputy Director, Arkansas | * |
| Department of Correction; R. L. Toney, | * |

Warden, Varner Unit, ADC; James    *
Banks, Assistant Warden, Varner Unit,   *
ADC; S. O'Neal, Mr., Captain, Varner   *
Super Max, ADC,                            *
                                      *

           Appellants.           *

_____

Submitted: June 13, 2003

Filed:  August 21, 2003

_____

Before MELLOY, BEAM, and SMITH, Circuit Judges.

_____

BEAM, Circuit Judge.

In these cases, we decide whether, under 42 U.S.C. § 1997e(a), an inmate's complaint must be dismissed when the inmate fails to exhaust all administrative remedies prior to filing suit, but exhaustion is completed at the time the district court renders its opinion on a motion to dismiss.  We affirm the district courts'[1] refusal to dismiss in each instance.

## I.    BACKGROUND

In 2001, Appellees Johnson and Fudge, inmates in the Arkansas Department of Correction, filed separate complaints in the District Court for the Eastern District of Arkansas, Helena Division and Pine Bluff Division respectively.  The substantive nature of the claims asserted by each inmate is not relevant to this appeal except that

_____

[1]The Honorable James M. Moody, United States District Judge for the Eastern District of Arkansas and the Honorable Stephen M. Reasoner, United States District Judge for the Eastern District of Arkansas.

the nature of the claims subject them to compliance with 42 U.S.C. § 1997e(a). Suffice it to say that at the time each inmate filed his district court complaint, he had not yet exhausted all available administrative remedies.[2] However, by the time the district court ruled upon the respective defendants' motions to dismiss based upon each inmate's failure to exhaust, exhaustion had occurred. Therefore, because the inmate exhausted his remedies prior to the district courts' ruling on the motion to dismiss, the motions were denied. Appellants argue on appeal that the district courts erred because 42 U.S.C. § 1997e(a) requires that an inmate exhaust all available administrative remedies regarding the allegations in his complaint *prior* to filing suit.

## II. DISCUSSION

We review the district courts' findings of fact under the clearly erroneous standard and the conclusions of law de novo. Walker v. Maschner, 270 F.3d 573, 576 (8th Cir. 2001).

The complaints filed by Johnson and Fudge are governed by 42 U.S.C. § 1997e(a) as amended by the Prison Litigation Reform Act of 1995, Pub. L. No. 104-34, 110 Stat. 1321-71 (PLRA), which addresses actions involving prison conditions. Section 1997e(a) now provides that "[n]o action shall be brought with respect to prison conditions under [federal law] by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

---

[2]Johnson's initial complaint was, in fact, dismissed by the district court due to his failure to exhaust administrative remedies prior to filing. However, the district court then granted Johnson's motion to reopen upon submission of further proof of exhaustion. It was after the case was reopened that the state filed a motion to dismiss challenging the timing and proof of Johnson's exhaustion.

Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation. In other instances, the internal review might filter out some frivolous claims. And for cases ultimately brought to court, adjudication could be facilitated by an administrative record that clarifies the contours of the controversy.

Porter v. Nussle, 534 U.S. 516, 524-25 (2002) (internal quotations and citations omitted).

Faced with nearly identical facts in Williams v. Norris, this circuit previously held that it is improper to dismiss without prejudice when available prison remedies are exhausted "at the time the [district] court ruled." 176 F.3d 1089, 1090 (8th Cir. 1999). Appellants dispute the decision in Williams arguing it is contrary to the objectives and plain language of section 1997e(a) and no longer tenable given the recent Supreme Court decision in Booth v. Churner, 532 U.S. 731 (2001), and various opinions of the Eighth Circuit.

In Booth, the inmate did not exhaust his administrative remedies because the prison grievance system had no provision for recovery of money damages, the very relief the inmate was seeking. Id. at 734. The question in Booth was "whether an inmate seeking only money damages must complete a prison administrative process that could provide some sort of relief on the complaint stated, but no money." Id. Thus, the crux of the case in Booth was the meaning of the phrase "administrative remedies . . . available" in section 1997e(a). Id. at 736. The Booth Court held: "Congress has provided in § 1997e(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." Id. at 741 n.6. In so holding, the Court noted that "[t]he 'available' 'remed[y]' must be 'exhausted'

before a complaint under § 1983 may be entertained." <u>Id.</u> at 738 (alterations in original).

The Supreme Court further addressed the issue of exhaustion under section 1997e(a) in <u>Porter</u>, holding that exhaustion is now mandatory.  534 U.S. at 524.

> The current exhaustion provision differs markedly from its predecessor. Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory. All "available" remedies must now be exhausted; those remedies need not meet federal standards, nor must they be "plain, speedy, and effective."  Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit.  And unlike the previous provision, which encompassed only § 1983 suits, exhaustion is now required for all "action[s] . . . brought with respect to prison conditions," whether under § 1983 or "any other Federal law."

<u>Id.</u> (internal quotations and citations omitted).  In light of the Supreme Court holdings in <u>Booth</u> and <u>Porter</u>,  our holding in <u>Williams</u> is no longer tenable.  Under the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court.  Thus, in considering motions to dismiss for failure to exhaust under section 1997e(a), the district court must look to the time of filing, not the time the district court is rendering its decision, to determine if exhaustion has occurred.  If exhaustion was not completed at the time of filing, dismissal is mandatory.

We also recognize the holdings of many of our sister circuits that permitting exhaustion *pendente lite* undermines the objectives of section 1997e(a) and that the language of section 1997e(a) clearly contemplates exhaustion *prior* to the commencement of the action as an indispensable requirement, thus requiring an outright dismissal of such actions rather than issuing continuances so that exhaustion may occur.  See <u>McKinney v. Carey</u>, 311 F.3d 1198, 1200 (9th Cir. 2002) (affirming

dismissal of inmate's complaint who was in the process of exhausting his administrative remedies); Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31, 36 (1st Cir. 2002) (affirming dismissal when inmate failed to exhaust the administrative remedies in place); Neal v. Goord, 267 F.3d 116, 121-22 (2d Cir. 2001) (affirming dismissal of inmate's complaint because he failed to exhaust his administrative remedies on each of his claims, although some were exhausted during the pendency of his litigation); Jackson v. Dist. of Columbia, 254 F.3d 262, 269 (D.C. Cir. 2001) (affirming dismissal of inmates' complaint because they had begun, but not yet exhausted, the prison grievance procedure); Freeman v. Francis, 196 F.3d 641, 645 (6th Cir. 1999) (dismissing inmate's complaint because he filed his federal complaint before allowing the administrative process to be completed); Perez v. Wisconsin Dep't of Corrections, 182 F.3d 532, 538 (7th Cir. 1999) (remanding for dismissal and reversing the district court's refusal to dismiss when, at the time the district court was ruling on the motion to dismiss, the inmate had fully exhausted his administrative remedies but had not done so at the time of filing).

Turning to the instant cases, we acknowledge that one of the objectives of section 1997e(a) is to resolve inmate complaints administratively without the necessity of intervention of the federal courts. In this case uniquely, Johnson and Fudge have now made all efforts to resolve their complaints administratively. There is nothing else for these inmates to do. In this posture, and because we are the first panel in this circuit to explicitly rule on this issue, we refrain from reversal only to avoid the expenditure of additional resources on the part of the parties and the court. In so deciding, however, we reiterate that should the district court be faced with identical circumstances in the future, dismissal is required under section 1997e(a).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.