**Not for publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

Nos. 02-2237
02-2586

RANDOLPH L. CHAMBERS,

Plaintiff, Appellant,

v.

JANE COPLAN, Warden, New Hampshire State Prison, in her
individual and official capacities, ET AL.,

Defendants, Appellants.

APPEALS FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Joseph A. DiClerico, U.S. District Judge]

Before

Boudin, Chief Judge,
Torruella and Howard, Circuit Judges.

Randolph L. Chambers on brief pro se.

December 24, 2003

**Per Curiam**.  After carefully considering the record and the appellant's briefs in these consolidated appeals, we affirm the judgments below.

The appellant appeals from the denial of a preliminary injunction and from the dismissal of his suit for failure to exhaust administrative remedies.  The preliminary injunction was properly denied because the appellant failed to show likely success on the merits.  Weaver v. Henderson, 984 F.2d 11 (1st Cir. 1993).

The district court dismissed the complaint without prejudice because the appellant failed to exhaust administrative remedies before filing suit.  42 U.S.C. § 1997(e)(a).  The appellant argues that the complaint should not have been dismissed because he exhausted administrative remedies while the suit was pending.  We have held, however, that belated exhaustion will not save a complaint from dismissal.  Medina-Claudio v. Rodriguez-Mateo, 292 F.3d 31 (1st Cir. 2002).  Finally, the appellant's assertion that the exhaustion requirement is inapplicable to his claims is untenable.  Exhaustion is mandatory for all actions concerning prison conditions under 42 U.S.C. § 1983 or any other federal law. Porter v. Nussle, 534 U.S. 516 (2002).

Affirmed.  Loc. R. 27(c).