Aaron **WILLIAMS,** Plaintiff

v.

**INTERSTATE BRAND COMPANIES,**
Defendant

No. CIV.03–228–P–C.

United States District Court,
D. Maine.

Jan. 26, 2004.

---

Guy D. Loranger, Nichols & Webb, P.A., Saco, ME, for Aaron Williams, Plaintiff.

Robert W. Kline, Portland, ME, for Interstate Brand Companies, Defendant.

## MEMORANDUM OF DECISION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

GENE CARTER, Senior District Judge.

Now before the Court is Defendant's Motion to Dismiss (Docket Item No. 2), in which Defendant seeks dismissal of Plaintiff's claim under the Maine Human Rights Act (the "MHRA"), 5 M.R.S.A. § 4551 *et seq.* (Count II of the Complaint).[1] Defendant urges the Court to dismiss Count II

on the ground that Plaintiff has failed to satisfy the requirements of section 4622 of the MHRA and that this failure precludes him from any recovery under his MHRA claim. For the reasons set forth below, the Court will grant Defendant's motion.

According to the facts alleged in the Complaint (Docket Item No. 1), beginning in 2001 and continuing until February of 2002, Plaintiff was sexually harassed by a co-worker and his employer, Defendant, had notice of, but failed to remedy, the hostile work environment created by the co-worker. Complaint ¶¶ 9–17. Plaintiff alleges that he has complied with all administrative requirements and has received a right-to-sue letter from the Equal Employment Opportunity Commission (the "EEOC"). *Id.* at ¶ 19. A copy of the Charge of Discrimination, dated October 30, 2002, that Plaintiff filed with the EEOC is attached as Exhibit 1 to Defendant's Motion to Dismiss. A copy of the EEOC Notice of Right to Sue is attached to Plaintiff's Response to Defendant's Motion to Dismiss (Docket Item No. 3).

Defendant's Motion to Dismiss invokes Fed.R.Civ.P. 12(b)(6). "When presented with a motion to dismiss, the district court must take as true the well-pleaded facts as they appear in the complaint, extending the plaintiff every reasonable inference in his favor." *Medina–Claudio v. Rodriguez–Mateo,* 292 F.3d 31, 34 (1st Cir.2002) (citation and internal punctuation omitted). The defendant is entitled to dismissal for failure to state a claim only when "the allegations are such that the plaintiff can prove no set of facts to support the claim for relief." *Clorox Co. Puerto Rico v. Proctor & Gamble Commercial Co.,* 228 F.3d 24, 30 (1st Cir.2000) (citation and internal punctuation omitted); *see also To-*

---

**1.** Count I of the Complaint sets forth a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

*bin v. University of Maine Sys.*, 59 F.Supp.2d 87, 89 (D.Me.1999). If factual allegations in the complaint are based on documents whose authenticity is not challenged, the court may look to those documents in addition to the complaint itself. *Alternative Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33–34 (1st Cir.2001).

The MHRA provides that a complaint of unlawful discrimination must be filed with the Maine Human Rights Commission (the "MHRC") not more than six months after the alleged act of unlawful discrimination. *See* 5 M.R.S.A. § 4611. Section 4622 of the MHRA sets forth certain limitations on attorney's fees and damages available in a civil action under the MHRA as follows:

> Attorney's fees under section 4614 and civil penal damages or compensatory and punitive damages under section 4613 may not be awarded to a plaintiff in a civil action under this Act unless the plaintiff alleges and establishes that, prior to the filing of the civil action, the plaintiff first filed a complaint with the [Maine Human Rights Commission] and the commission either:
>
> A. Dismissed the case under section 4612, subsection 2;
>
> B. Failed, within 90 days after finding reasonable grounds to believe that unlawful discrimination occurred, to enter into a conciliation agreement to which the plaintiff was a party; or
>
> C. Issued a right-to-sue letter under section 4612, subsection 6 and the action was brought by the aggrieved person not more than 2 years after the act of unlawful discrimination of which the complaint was made as provided in section 4613, subsection 2, paragraph C.

Defendant argues that Plaintiff cannot allege and establish that he has filed a complaint with the MHRC as required under section 4622 because Plaintiff filed a charge of discrimination with the EEOC (rather than the MHRC) and did so more than six months after the latest date on which Plaintiff alleges that he was harassed.[2] Defendant asserts that filing a charge of discrimination with the EEOC does not satisfy the requirements of Section 4622; *i.e.*, that it is not the equivalent of filing a complaint with the MHRC. Plaintiff responds that he was only obligated to file with either agency in order to preserve his claims under both the federal and state statutes.

■ The MHRC's regulations describe the process for filing complaints of discrimination with the MHRC. *See* Code Me. R. 94–348 Ch. 2, § 2.02. The regulations provide that:

> Complaints must be filed at the office of the Maine Human Rights Commission, 51 State House Station, Augusta, Maine 04333–0051; complaints filed with the Equal Employment Opportunity Commission (EEOC) and the U.S. Dept. of Housing and Urban Development (HUD) pursuant to work sharing agreement [sic] between the Maine Human Rights Commission and EEOC and HUD shall be deemed filed with the Maine Human Rights Commission, on the date of filing with EEOC or HUD.

*Id.* § 2.02(D). In accordance with the MHRC's regulations, then, Plaintiff was deemed to have filed a complaint with the MHRC on the date on which he filed his complaint with the EEOC.[3]

■ However, it does not appear that Plaintiff has alleged (or can allege) that

---

**2.** Plaintiff's charge of discrimination and his Complaint allege that the hostile environment continued through February of 2002. Plain-

tiff's charge of discrimination was not filed with the EEOC until October of 2002.

**3.** Indeed, Plaintiff's EEOC charge includes the following statement: "I want this charge

the requirement of section 4622 pertaining to action by the MHRC has been satisfied.[4] The Complaint contains no allegations that the MHRC dismissed his case, found reasonable grounds to believe unlawful discrimination had occurred but failed to enter into a conciliation agreement to which Plaintiff was a party within 90 days of such finding, or issued a right-to-sue letter.[5] *See* 5 M.R.S.A. § 4622. Rather, Plaintiff apparently relies solely on the EEOC right-to-sue letter to satisfy the requirements of section 4622. However, the record before the Court offers no basis, such as the provisions of a worksharing agreement between the EEOC and the MHRC, for concluding that an EEOC right-to-sue letter may replace a right-to-sue letter from the MHRC or otherwise is sufficient to satisfy the requirements of section 4622. Failure to satisfy the requirements of section 4622 when the plaintiff seeks only attorney's fees and damages under the MHRA renders the MHRA claim moot because the plaintiff cannot be afforded any effective relief on his claim.[6] *See Gordan v. Cummings*, 756 A.2d 942, 945 (Me. 2000).

Accordingly, it is **ORDERED** that Defendant's Motion to Dismiss be, and it is hereby, **GRANTED**.

filed with both the EEOC and the State or local Agency, if any." Defendant's Motion to Dismiss, Ex. 1.

4. As the Maine Law Court has noted, a plaintiff who wants to recover attorney's fees, compensatory damages, and punitive damages under the MHRA "must first present the claim to the Maine Human Rights Commission, then, after action by the Commission, the party may bring a private action for discrimination." *Kopenga v. Davric Maine Corp.*, 727 A.2d 906, 908 n. 1 (Me.1999).

5. Defendant asserts that Plaintiff's charge was untimely because it was filed more than six months after the alleged unlawful discrimination. While it seems possible that the MHRC would not act on an untimely charge, the Court expresses no view as to why there are no allegations that the MHRC has responded to his charge in one of the three ways required under section 4622.

6. Plaintiff has not requested equitable relief in this case.