David LEJA, Petitioner

v.

Carolyn SABOL, Warden, FMC Devens,
and United States of America,
Respondent.

Civil Action No. 06–30221–MAP.

United States District Court,
D. Massachusetts.

May 15, 2007.

Karen L. Goodwin, United States Attorney's Office, Springfield, MA, for Respondent.

*MEMORANDUM AND ORDER
REGARDING PETITION FOR
WRIT OF HABEAS CORPUS*

MICHAEL A. PONSOR, United States District Judge.

Petitioner David Leja filed this motion for habeas corpus relief, challenging the Bureau of Prison's ("BOP") denial of his request for compassionate release. For the following reasons, this petition will be DENIED.

## I. BACKGROUND

Petitioner is currently serving a 30–month sentence at the Federal Medical Center in Devens, Massachusetts ("FMC–Devens"). Following the filing of an earlier petition for habeas corpus relief, *Leja v. Winn*, 06–cv–30169–MAP, FMC–Devens began the process of reviewing Petitioner's case for compassionate release. On December 1, 2006, the Compassionate Release Committee recommended against release. In a memorandum to the then-acting Warden, Brian E. Hertel, the Committee concluded the following:

At this point, Mr. Leja's medical conditions are considered chronic but stable, and his illness' [sic] are not considered terminal. He continues to be independent with all areas of daily living, and could engage in further crimes if released at this time. In addition, it was also known at the time of sentencing that he had multiple medical conditions.

(Resp.'s Brief, Ex. E.)

On December 8, 2006, the Warden agreed with the findings of the Committee and denied Petitioner's request for compassionate release. (*Id.*) On December 18, 2006, Petitioner acknowledged on a Notification Form that he understood the reasons for the denial and the appeal process following such a denial. (*Id.*) On December 22, 2006, Petitioner filed this habeas corpus action. A week later, on December 29, 2006, Petitioner requested reconsideration of the denial by submitting an Administrative Remedy Request to the Warden. (Resp.'s Br., Ex. D.)

## II. EXHAUSTION OF ADMINISTRATIVE REMEDIES

■ The Prison Litigation Reform Act of 1995 ("PLRA"), 110 Stat. 1321–71, as amended, 42 U.S.C. § 1997e *et seq.*, contains a variety of provisions designed to bring prisoner litigation in federal courts under control. One such provision is an "invigorated" exhaustion of administrative remedies provision under 42 U.S.C. § 1997e(a). *Porter v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). "[P]risoners must now exhaust all 'available' remedies, not just those that meet federal standards." *Woodford v. Ngo*, —— U.S. ——, ——, 126 S.Ct. 2378, 2382, 165 L.Ed.2d 368 (2006).

The BOP has a grievance system for prisoners who seek formal review of complaints regarding any aspect of their imprisonment. If a prisoner is unable to resolve a complaint informally, he may then submit a formal written Administrative Remedy Request to the Warden. 28 C.F.R. § 542.14(a). If an inmate's formal request is denied, he may submit an appeal to the Regional Director of the BOP. 28 C.F.R. § 542.15(a). The decision of the Regional Director may be appealed to the General Counsel's office. *Id.*

FMC–Devens records indicate that Petitioner has only taken his administrative appeal as far as the level of a formal Administrative Remedy Request. In other words, Petitioner has only exhausted one level of the administrative remedies available to him.

■ Petitioner suggests that further attempts to exhaust his administrative remedies would be futile, because it is the policy of FMC–Devens to grant compassionate release only to those inmates who are terminally ill. Futility, however, is not an exception to the PLRA exhaustion requirement. *See Medina–Claudio v. Rodriguez–Mateo*, 292 F.3d 31, 35 (1st Cir. 2002) (citing *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001)). A serious medical condition does not relieve Petitioner of the obligation to exhaust. *Cardona v. Winn*, 170 F.Supp.2d

131, 132 (D.Mass.2001) (inmate alleging pancreatitis, diabetes, arthritis, and depression must exhaust claims).

### III. *JURISDICTION*

Under 18 U.S.C. § 3582(c)(1)(A), the court may not modify a term of imprisonment unless the Director of the Bureau of Prisons submits a motion to the court and the court finds "extraordinary and compelling reasons" that would warrant such a reduction. *See Morales v. United States,* 353 F.Supp.2d 204, 205 (D.Mass. 2005), *aff'd,* No. 05–1191, slip op. (1st Cir. Nov. 28, 2005). Despite the fact that no such motion has been filed on behalf of the BOP, Petitioner urges the court to set aside the BOP's determination. The First Circuit has declined to address the question of whether the BOP's exercise of discretion is reviewable by this court. *Morales,* No. 05–1191, slip op. at 2. However, the court noted:

> Even assuming there is some form of judicial review, the record before us does not establish arbitrary or capricious action by the BOP. In denying Petitioner's release request, the BOP specifically noted that his prognosis is uncertain, and it was concerned that he posed a risk of recidivism. On the present record, the Petitioner has not established that the BOP's stated concern is so irrational or groundless that this Court should negate it.

*Id.* In this case, the Compassionate Release Committee acknowledged Petitioner's illnesses but found them to be of a chronic, and not life-threatening nature. As in *Morales,* the Committee also noted that Petitioner could "engage in further crimes." On this record, the court cannot conclude that the BOP's decision was either arbitrary or capricious.[1]

Petitioner's Motion for Habeas Corpus relief (Dkt. No. 1) is hereby DENIED. Petitioner's claims against the United States of America are hereby ordered dismissed. The clerk will enter judgment for Respondent Sabol. This case may now be closed.

It is So Ordered.

---

1. It bears noting that Petitioner named the United States as a party. 28 U.S.C. § 2243 requires that a writ of habeas corpus be "directed to the person having custody of the person detained." The court will therefore dismiss the claims against the United States as it is an improper party.